# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**EDWARD H. FLINT**                                                                                              **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 3:11CV-316-H**

**MAGISTRATE JUDGE DAVE WHALIN**                                                    **DEFENDANT**

### MEMORANDUM OPINION & ORDER

Plaintiff, Edward H. Flint, filed this civil action on May 24, 2011. He sues United States Magistrate Judge Dave Whalin in his individual capacity. Plaintiff also filed a motion to recuse the undersigned. For the reasons set forth below, the Court will deny Plaintiff's motion to recuse and dismiss this action pursuant to its authority under *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999), because it is clear that Plaintiff's complaint is devoid of all legal merit. The Court also warns Plaintiff that filing any additional similarly frivolous lawsuits in this Court will result in the imposition of sanctions against him.

### I.

Motions for recusal are committed to the sound discretion of the district court deciding the motion. *See Youn v. Track, Inc.*, 324 F.3d 409, 422 (6th Cir. 2003). It is proper for the challenged judge to rule on the motion for recusal. *See United States v. Hatchett*, No. 92-1065, 1992 U.S. App. LEXIS 27169 (6th Cir. Oct. 15, 1992); *see also Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1355-56 (6th Cir. 1988). "A district court judge must recuse himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. This standard is objective and is not based on the subjective view of a party." *United States v. Dandy*, 998 F.2d 1344, 1349 (6th Cir. 1993).

Plaintiff's sole basis for seeking recusal is that he has previously sued the undersigned

judge in federal court. "The mere fact that [this judge] may be one of the numerous federal judges that [the plaintiff] has filed suit against is not sufficient to establish that [his] recusal from [this] case is warranted under 28 U.S.C. § 144 or § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006). To hold otherwise "would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005).

The undesigned finds no ground in this case to justify his recusal. Accordingly, Plaintiff's motion for recusal (DN 5) is **DENIED**.

**II.**

Plaintiff's complaint is based on actions that he claims Defendant has taken as a Magistrate Judge in Plaintiff's pending case against Hewlett-Packard---*Flint v. Hewlett-Packard Company*, 3:10-CV-597-S. Plaintiff alleges that Defendant is biased against him because of a book that Plaintiff wrote about Defendant and Chief Judge Thomas B. Russell entitled "Corrupt Judges." He also alleges that Defendant shows favoritism to Hewlett-Packard because Defendant has a relationship with its counsel. Plaintiff states that Defendant has made rulings motivated by his bias against Plaintiff that have denied him due process rights and caused him mental and physical harm. Plaintiff seeks money damages and removal of Defendant from the federal bench.

Generally, a district court may not *sua sponte* dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint. *See Apple v. Glenn*, 183 F.3d at 479. However, where a complaint is "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," the district court need not afford the plaintiff an opportunity to amend the complaint. *Id.* (citing *Hagans v.*

2

*Lavine*, 415 U.S. 528, 536 (1974)).

Judges are entitled to absolute immunity for actions arising out of all acts performed in the exercise of their judicial functions. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "Immunity applies even when the judge is accused of acting maliciously and corruptly." *Harlow v. Fitzgerald*, 457 U.S. 800, 815-19 (1982). The United States Supreme Court has made clear that immunity is overcome in only two sets of circumstances: "[f]irst, a judge is not immune from liability for non-judicial actions . . .; [s]econd, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireless*, 502 U.S. at 12.

All of Plaintiff's allegations against Defendant in this case relate to actions he took as a judicial officer of the court. Furthermore, Plaintiff has not shown that Defendant acted in the absence of jurisdiction on his cases.[1]

---

[1] Pursuant to 28 U.S.C. § 636:

(A) a judge may designate a magistrate [magistrate judge] to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate [magistrate judge] to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Upon review, the Court concludes that *sua sponte* dismissal under *Apple v. Glenn* is appropriate because it is "no longer open to discussion" that Plaintiff's claims are devoid of all legal merit. *See Metzenbaum v. Nugent,* 55 F. App'x 729 (6th Cir. 2003) (upholding district court's *sua sponte* dismissal of a complaint under *Apple v. Glenn* because the named defendant, a judge, was entitled to absolute judicial immunity); *Forbush v. Zaleski,* 20 F. App'x 481 (6th Cir. 2001) (same).

Accordingly, the Court will enter a separate Order of Dismissal.

**III.**

District courts are obligated to protect themselves from vexatious litigants, *In re McDonald*, 489 U.S. 180, 184 n.8 (1989), and have an "inherent power to curb bad faith litigation." *Halliburton v. United States*, 59 F. App'x 55, 57 (6th Cir. 2003). "Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose." *Id.* (citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511-12, 519 (6th Cir. 2002)).

Plaintiff has a documented history of filing frivolous and unsubstantial litigation against state and federal judges in this Court. *See Flint v. Shake, et al.,* 3:09-CV-116-H (commenced against Jefferson Circuit Judges James Shake, Audra Eckerle, and Ann O'Malley Shake and dismissed on the basis of absolute judicial immunity); *Flint v. King*, 3:09-CV-779-S (commenced against Jefferson District Judge Katie King and dismissed on the basis of absolute judicial immunity); *Flint v. Armstrong*, 3:09-CV-878-H (commenced against Jefferson District Judge Donald L. Armstrong, Jr., and dismissed on the basis of absolute judicial immunity);

4

*Flint v. Edwards*, 3:09-CV-956-S (commenced against Jefferson District Judge Brian Edwards and dismissed on the basis of absolute judicial immunity); *Flint v. Chauvin*, 3:10-CV-149-M (commenced against Jefferson Circuit Judge A.C. McKay Chauvin and dismissed on the basis of absolute judicial immunity); *Flint v. Heyburn*, 3:11-CV-258-S (commenced against United States District Court Judge John G. Heyburn II and dismissed on the basis of absolute judicial immunity); *Flint v. Simpson*, 3:11-CV-275-C (commenced against United States District Court Judge Charles R. Simpson III and dismissed on the basis of absolute judicial immunity); *Flint v. Russell,* 3:11-CV-291-S (commenced against United States District Court Chief Judge Thomas B. Russell and dismissed on the basis of absolute judicial immunity); and *Flint v. Beshear, et al.,* 3:11-CV-276-S (commenced against Kentucky Governor Steve Beshear; Kentucky Supreme Court Justices Mary C. Noble and Lisabeth H. Abramson; and Kentucky Supreme Court Special Justices Bradley P. Rhoads and John S. Reed and dismissed because the *Rooker-Feldman* doctrine prevented the Court from exercising jurisdiction).

Plaintiff has been told in multiple court orders that judges cannot be held liable for conduct arising out of their judicial actions, even where the actions are alleged to have been wrongfully and maliciously taken. Yet, undaunted, he has continued to file repetitive and patently frivolous lawsuits in this Court. The submission of frivolous and duplicative lawsuits serves no legitimate purpose, places a tremendous burden on this Court's limited resources, and deprives other litigants with meritorious claims of the speedy resolution of their cases.

Federal courts have the inherent power to impose appropriate sanctions to deter future frivolous, harassing, or duplicative lawsuits. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-45, (1991); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). Generally, a court should select

5

the least severe sanction likely to deter the litigant from filing future vexatious and frivolous lawsuits. The Sixth Circuit has held that in cases, like the present, where the litigant "has the funds to continue to prosecute suits" monetary sanctions are appropriate. *Hyland v. Clinton*, 3 F. App'x 478, 480 (6th Cir. 2001). A sanction equal to double the cost of the filing fee is reasonable. *Id.* Such a sanction does not close the courthouse to the litigant, but does impose financial consequences designed to compel him to seriously consider what he is doing before initiating yet another baseless lawsuit.

**Accordingly, Flint is <u>WARNED</u> that he will be sanctioned in the amount of $700.00 per suit should he file any additional lawsuits in this Court against federal or state judges on the grounds that he believes they were biased against him, made incorrect rulings, or otherwise improperly oversaw any of his cases. Additionally, filing any additional such lawsuits could result in the imposition of additional sanctions, including the imposition of filing restrictions.**

Date:


cc: Plaintiff, *pro se*
 Defendant

4412.008